UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
DEBORAH STRAKA KISELA,             :
                                    :
        Plaintiff,                  :         Civil Action No. 16-8903 (SRC)
                                    :
        v.                          :         **OPINION**
                                    :
COMMISSIONER OF SOCIAL              :
SECURITY,                           :
                                    :
        Defendant.                  :
_____ :

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Deborah Straka Kisela ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning October 13, 2009. A hearing was held before ALJ Jonathan L. Wesner (the "ALJ") on April 20, 2015, and the ALJ issued an unfavorable decision on April 29, 2015, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of April 29, 2015, the ALJ made the following findings. The ALJ found

that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations, including a limitation to unskilled work. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform her past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

Plaintiff contends that the decision should be reversed on five grounds: 1) the ALJ retaliated against Plaintiff for rejecting his settlement offer; 2) at step three, the ALJ failed to properly consider Listing 12.04(C); 3) at step five, the ALJ did not comply with SSR 00-4p; 4) at step four, the ALJ improperly evaluated Plaintiff's credibility; and 5) at step four, the ALJ improperly determined Plaintiff's residual functional capacity.

As to the first point, Plaintiff points to the record of the hearing, which shows that the ALJ raised the possibility of amending the onset date as a possible way to agree on a finding of disability from a certain date. Plaintiff states that Plaintiff did not agree to this offer, and now argues that this caused the ALJ to find Plaintiff not disabled as "retaliation" for not agreeing to the offer. This is entirely speculative and unsupported, as Plaintiff presents no evidence whatever to substantiate the charge of retaliatory misconduct. The ALJ explained the reasoning and evidence supporting his determination in detail in the 12-page decision.

As to the second point that, at step three, the ALJ failed to properly consider Listing

2

12.04(C), Plaintiff concedes that the ALJ did, in fact, consider Listing 12.04(C), but overlooked the evidence that Plaintiff has been in a partial care mental health program. Plaintiff argues that the ALJ erred by not discussing this evidence. This argument fails for several reasons, the primary one being that Plaintiff bears the burden of proof at the first four steps of the analysis: Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). At step three, then, Plaintiff bears the burden of proof of disability.

Plaintiff has not come close to persuading this Court either that the ALJ erred at step three or that any error was harmful. The Supreme Court explained the harmless error doctrine in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410. Thus, to succeed on appeal, Plaintiff must show both that the ALJ erred, and that the error was harmful.

Plaintiff's brief here does neither. At step three, Plaintiff argues only that the ALJ failed to discuss a specific piece of evidence. This does not even begin to demonstrate that the ALJ erred, much less demonstrate that a harmful error occurred. Certainly, the brief contains no analysis that provides support for the contention that certain of Plaintiff's impairments, considered in combination, equal in severity Listing 12.04(C). Plaintiff has not persuaded this Court that the ALJ erred at step three.

As to the third point that, at step five, the ALJ did not comply with SSR 00-04p, this argument lacks foundation. Plaintiff points to SSR 00-04p, which states:

> This Ruling clarifies our standards for the use of vocational experts (VEs) who provide evidence at hearings before administrative law judges (ALJs), vocational specialists (VSs) who provide evidence to disability determination services (DDS) adjudicators, and other reliable sources of occupational information in the evaluation of disability claims. In particular, this ruling emphasizes that before relying on VE or VS evidence to support a disability determination or decision, our adjudicators must:
>
> - Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor, and
>
> - Explain in the determination or decision how any conflict that has been identified was resolved.

As this SSR clearly states, this Ruling applies only to situations in which a conflict exists between the occupational evidence provided by the VE and the information in the DOT. Plaintiff has not even attempted to demonstrate the existence of such a conflict. In the absence of evidence of such a conflict, the ALJ's compliance with SSR 00-04p has no application or relevence.

As to the fourth point, regarding the ALJ's credibility determination at step four, Plaintiff presents six pages of meandering discussion that fails, simply, to point out what specific legal requirement was violated in what manner. Plaintiff mischaracterizes the ALJ's conclusion, arguing that the ALJ was "rejecting" Plaintiff's credibility. (Pl.'s Br. 20.) The ALJ summarized his credibility determination as follows:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged

4

> symptoms; however, the claimant's and Ms. Whitebread's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this Decision. Generally, their statements are inconsistent with the claimant's need for only conservative treatment, broad range of daily activities and minimal diagnostic test results.

(Tr. 19.) After this summary, the ALJ devoted four pages of the decision to a discussion of the objective medical evidence, setting forth the ways in which Plaintiff's statements regarding the limiting effects of her symptoms were not supported by the objective medical evidence.

The record does not support Plaintiff's claim that the ALJ "rejected" Plaintiff's credibility wholesale. Plaintiff debates the ALJ's conclusions but concedes that the conclusions were drawn from a detailed examination of the evidence of record.[1] "[T]he ALJ is empowered to evaluate the credibility of witnesses." Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983). "Although any statements of the individual concerning his or her symptoms must be carefully considered, . . . the ALJ is not required to credit them, *see* 20 C.F.R. § 404.1529(a)." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 363 (3d Cir. 2011). "In order for an ALJ to reject a claim of disabling pain, he must consider the subjective pain and specify his reasons for rejecting these claims and support his conclusion with medical evidence in the record." Matullo v. Bowen, 926 F.2d 240, 245 (3d Cir. 1990). The ALJ followed the mandates of Third Circuit law: he specified his reasons for not fully accepting Plaintiff's statements and supported his conclusions with medical evidence of record. The ALJ's credibility determination contained no legal error and is supported by substantial evidence.

Lastly, as to the fifth point, that the ALJ improperly determined Plaintiff's residual

---

[1] Plaintiff argues that the ALJ "cherry picked" the evidence, but this assertion itself means that the ALJ pointed to evidence supporting his conclusion. (Pl.'s Br. 15.)

5

functional capacity at step four, Plaintiff's brief again presents a meandering collection of quibbles with the decision.  The ALJ's decision contains a lengthy discussion of the medical evidence of record, including evaluations by treating physicians, consultative examinations, and evaluations by state agency medical consultants.  Plaintiff's brief does not even attempt to challenge the medical evidence mustered by the ALJ.  At best, Plaintiff points out pieces of evidence that might have supported a different conclusion.  This is not sufficient to merit a finding that the ALJ erred at step four.  Under Third Circuit law, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  This Court finds that the ALJ's residual functional capacity determination is supported by substantial evidence.

This Court has reviewed the ALJ's decision and finds that the ALJ's decision is supported by substantial evidence.  Plaintiff has failed to persuade this Court that the ALJ erred in his decision or that she was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

   s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: October 24, 2018